Gainer M. Waldbillig (Utah Bar No. 04433)
Meghan A. Sheridan (Utah Bar No. 14315)
**W| LAW**
175 S. Main St. Suite 610
Salt Lake City, UT 84111
Telephone: (801) 532-9300
gmw@wlaw.net
mas@wlaw.net
*Attorneys for Moët Hennessy, USA, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LINDA NEMCICK and WILLIAM COTTE, Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>SHERATON OPERATING CORPORATION, MOET HENNESSY USA, INC., and DOES 1-5,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>Civil Action No. 2:20-cv-00756-CMR<br><br>Magistrate Judge Cecilia M. Romero |

TO:   The Clerk of the Court

AND TO:   Plaintiffs above named and their counsel of record.

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Moët Hennessy, USA, INC., ("MH") gives notice that the above captioned action pending in the Third Judicial District Court In and For Summit County, State of Utah, is hereby removed to the United States District Court for the District of Utah, Central Division. This Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441 *et seq.* In support of this removal MH further states:

1. This is a civil action filed on or about August 6, 2020 by Plaintiffs Linda Nemcick and William Cotte ("Plaintiffs") in the Third Judicial District Court In and For Summit County, State of Utah, entitled *Nemcick and Cotte v. Marriot International Inc.*, bearing Case Number 200500325 ("Original Complaint") A true and correct copy of the Original Complaint is attached hereto as **Exhibit A.**

2. An Amended Complaint was filed on August 31, 2020, substituting Sheraton Operating Corporation ("Sheraton") for Marriot International Inc. A true and correct copy of the Amended Complaint ("Amended Complaint") is attached to this Notice as **Exhibit B.**

3. Sheraton accepted service of the Amended Complaint on September 8, 2020. Sheraton's Acceptance of Service is attached to this Notice as **Exhibit C.**

4. Sheraton Operating Corporation filed an Answer to Amended Complaint, Notice of Reliance on Jury Demand, and Notice of Intent to Allocate Fault to Non-Parties on September 29, 2020, attached hereto as **Exhibit D.**

5. On October 6, 2020 the parties stipulated to filing of the Second Amended Complaint adding defendant MH. Stipulation and Second Amended Complaint attached hereto as **Exhibit E.**

6. Service of the Summons and Second Amended Complaint was completed upon MH on October 8, 2020 by private process server. A true and correct copy of Plaintiffs' Return of Service of Summons as to MH is attached to this Notice as **Exhibit F.**

7. Sheraton Operating Corporation filed an Answer to Second Amended Complaint, Notice of Reliance on Jury Demand, and Notice of Intent to Allocate Fault to Non-Parties on October 20, 2020, attached hereto as **Exhibit G.**

8. Plaintiffs' Second Amended Complaint alleges liability for injuries allegedly suffered as a result of Plaintiff, Linda Nemcick's, fall at the St. Regis Deer Valley on February 24, 2019. Complaint ¶¶ 8-9. Plaintiffs assert negligence against the Sheraton and MH for failing to keep property in a non-hazardous condition and warn pedestrians of the same. Complaint ¶ 17. In connection with these causes of action, Plaintiffs seek special damages for past and future medical care relating to serious injuries and wage losses sustained by Plaintiff Linda Nemcick, as well as general damages arising from those injuries. Complaint ¶ 19. Plaintiff William Cotte, seeks damages for loss of consortium due to his wife Linda Nemcick's fall. Complaint ¶¶ 21-23. Plaintiffs allege the case involves Tier 3 damages pursuant to the Utah Rules of Civil Procedure and the damages exceed $300,000.00.

9. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because MH has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## I. MH HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

10. Pursuant to 28 U.S.C. § 1446(a), MH attaches to this Notice of Removal a copy of all process, pleadings, and orders served upon defendants in this Action. (*See* Exhibits attached hereto).

11. Promptly following the filing of this Notice of Removal, written notice of the removal of this action will be served on all parties' counsel, as required by 28 U.S.C. § 1446(d).

12. A true and correct copy of this Notice of Removal will also be promptly filed with the Third Judicial District Court for Summit County, Utah, pursuant to 28 U.S.C. § 1446(d).

13. No previous application has been made for the relief requested herein.

14. Venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because Summit County is located within the United States District Court for the District of Utah, Central Division (28 U.S.C. § 125(2)). Accordingly, the District of Utah, Central Division, is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

15. Sheraton consents to this removal. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that all defendants who have been properly joined and served must join in or consent to the removal of the action).

16. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446 because it is filed within 30 days of service upon MH. *See* Exhibit F.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

17. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because this is a civil action in which the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

### A. The Amount In Controversy Requirement Is Satisfied

18. Here, Plaintiffs allege their case falls in Tier 3 pursuant to Utah Rules of Civil Procedure 26(c)(3) and that total damages exceed $300,000.00. *See* Second Amended Complaint, Exhibit E. This sum exceeds the $75,000, exclusive of costs and interest, required by 28 U.S.C. § 1332(a). Thus, the amount of controversy requirement is satisfied.

### B. Complete Diversity of Citizenship Exists Between the Parties

19. This case is between "citizens of different States." 28 U.S.C. § 1332(a)(1). As explained below, all joined and served defendants are diverse from Plaintiffs.

20. Upon information and belief, at all times relevant hereto, Plaintiffs were residents and citizens of Allentown, New Jersey. *See* Second Amended Complaint ¶ 1

21.     MH is now, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in New York, NY. Therefore, MH is not a citizen of Utah for purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

22.     Sheraton is a corporation organized under the laws of the State of Delaware with its principal place of business in Bethsheda, Maryland. *See* Sheraton's Answer to Amended Complaint, ¶ 2, Exhibit D. Therefore, Sheraton is not a citizen of Utah for purposes of determining diversity.  28 U.S.C. 1332(c)(1).

### III.    CONCLUSION

23.     There is complete diversity amongst the parties, and this Notice of Removal is appropriate pursuant to 28 U.S.C. § 1441(b).

24.     Based on the foregoing, the state court action may be removed to this Court in accordance with the provisions of 28 U.S.C. §§ 1332 and 1441 *et seq*. because: 1) this is a civil action pending within the jurisdiction of this Court; 2) as between plaintiffs and the defendants, this action arises from a conflict between citizens of different states; and 3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

25.     No admission of fact, law, or liability is intended by this Notice of Removal, and Defendant MH expressly reserves all defenses, counterclaims, and motions otherwise available to it.

WHEREFORE, MH hereby removes the above-captioned action from the Third Judicial District Court for Summit County, Utah, to the United States District Court for the District of Utah, Central Division.

Dated this 30th day of October, 2020

**W | LAW**

*/s/ Meghan A. Sheridan*
*Attorneys for Moet Hennessy USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October, 2020 a true and correct copy of the forgoing **NOTICE OF REMOVAL** was filed electronically with the Court and served via email and through the Utah State Court's electronically filing system on the following:

**WRONA LAW**
Bret M. Hanna (#6885)
1745 Sidewinder Drive
Park City, Utah 84060
hanna@wdlawfirm.com
*Attorneys for Plaintiffs*

Sarah Elizabeth Spencer, #11141
Sarah.Spencer@chrisjen.com
Zachary C. Myers, #15302
Zachary.Myers@chrisjen.cm
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
*Attorneys for Defendant Sheraton Operating Corporation*

*/s/ Meghan A. Sheridan*