# EXHIBIT A

**WRONA LAW**
Bret M. Hanna (#6885)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
hanna@wgdlawfirm.com
*Attorneys for Plaintiffs*

**IN THE THIRD JUDICIAL DISTRICT COURT**

**OF SUMMIT COUNTY, STATE OF UTAH**

| | |
|---|---|
| **LINDE NEMCICK and WILLIAM COTTE,  Individuals,** | **COMPLAINT** |
| Plaintiffs, | **RULE 26(c)(3) Tier 3** |
| v. | **JURY DEMANDED** |
| **MARRIOTT INTERNATIONAL, INC. and DOES 1–5,** | Civil No. |
| Defendants. | Judge |

Plaintiffs Linde Nemcick and William Cotte ("plaintiffs"), by and through their counsel of record, Bret M. Hanna, Wrona Law, for their causes of action against defendants, allege as follows:

**<u>PARTIES</u>**

1.      Plaintiffs are individuals residing in Allentown, New Jersey.

2.     Defendant Marriott International, Inc., on information and belief, has its principal place of business in Bethesda, Maryland, and on information and belief, is doing business in the State of Utah as The St. Regis Deer Valley located in Park City, Utah.

3.     Defendant Does 1–5, upon information and belief, are corporations, limited liability companies, or dbas involved in the ownership and/or operation of The St. Regis Deer Valley located in Park City, Utah.

## JURISDICTION, VENUE AND TIER

4.     This Court has jurisdiction of this action pursuant to Utah Code Ann. §78A-5-102, in that the amount in controversy exceeds the sum of $20,000, exclusive of court costs.

5.     Venue is proper in this Court pursuant to Utah Code Ann. §78B-3-307, in that the cause of action arose in this district.

6.     This action for damages is brought pursuant to Tier 3, Rule 26(c)(3), Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

7.     At approximately 2:30 p.m. on February 24, 2019, plaintiffs were walking on a paved, snow-covered walkway adjacent to an outdoor patio area on the property of The St. Regis Deer Valley.

8.     As plaintiff Linde Nemcick approached a "pedestal floor-style" sign stand offering a Moet & Chandon Champagne photo opportunity, she unknowingly stepped on the slick, smooth floor plate of the stand and fell, sustaining serious injuries.

2

9.      The polished floor plate that plaintiff Linde Nemcick stepped on was buried in wet, melting snow and was not visible to anyone walking in the area.

10.      As a direct and proximate result of her fall, plaintiff Linde Nemcick sustained a fractured left tibia (three places), two fractured left-foot metatarsals, nerve damage in the form of the development of a Morton Neuroma in her left foot, two meniscus tears in her left knee, a cracked wisdom tooth, a chipped front tooth, and she continues to have a very weak and painful left ankle.

11.      Plaintiffs had to stay in Utah for nine days following plaintiff Linde Nemcick's fall because it took that long for her to stabilize to the point she could travel home.

12.      Plaintiffs have incurred significant medical bills and related bills as a result of the injuries plaintiff Linde Nemcick sustained in her fall at defendant's property.

13.      Plaintiff Linde Nemcick also incurred wage losses because of her lack of mobility.

## FIRST CAUSE OF ACTION

### (Negligence – All Defendants)

14.      Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

15.      Defendants owed duties to plaintiff Linde Nemcick and others to properly maintain its walkways and displays in such a way that they did not create a hazard to business invitees.

16.    Defendants breached their duties owed to plaintiffs by, *inter alia*, failing to maintain walkways and displays in a non-hazardous condition and for failing to properly warn approaching pedestrians of fall hazards, and failing to promptly take action to remediate said hazards.

17.    As a direct and proximate result of the negligent breach of its duties owed to plaintiff Linde Nemcick, defendants caused plaintiff Linde Nemcick to suffer serious injuries and losses as described above.

18.    Plaintiffs' damages include, but are not limited to, special damages for past and future medical care relating to the serious injuries plaintiff and wage losses sustained by plaintiff Linde Nemcick, as well general damages arising from those injuries.

<u>SECOND CAUSE OF ACTION</u>

**(Loss of Consortium – All Defendants)**

19.    Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

20.    At all times mentioned herein, plaintiff William Cotte was the lawful spouse of plaintiff Linde Nemcick.

21.    As a direct result of the negligence and other conduct of defendants and the resulting injuries to plaintiff Linde Nemcick, plaintiff William Cotte has been deprived of the services of his wife by reason of her inability to carry out her usual duties and functions as a dutiful and loving spouse.

4

22.     Plaintiffs have suffered a loss of consortium within the meaning of Utah Code Ann. § 30-2-11 as a result of the injuries and losses alleged here, and are entitled to recovery of damages for loss of consortium as a proximate result of the negligence of defendants as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs hereby pray for relief from defendants pursuant to Tier 3 as follows:

1.     For general damages in an amount to be determined at trial;

2.     For special damages in an amount to be determined at trial;

3.     For interest on special damages as provided by law;

4.     For all costs incurred herein; and

5.     For such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby makes a demand for a trial by jury on all issues triable as a matter of right by a jury

DATED this 6th day of August, 2020.

WRONA LAW


/s/ Bret M. Hanna
Bret M. Hanna
*Attorneys for Plaintiffs*

5

Plaintiffs' address:

c/o Bret M. Hanna
Wrona Law
1745 Sidewinder Drive
Park City, Utah 84060

# EXHIBIT B

**WRONA LAW**
Bret M. Hanna (#6885)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
hanna@wgdlawfirm.com
*Attorneys for Plaintiffs*

---

### IN THE THIRD JUDICIAL DISTRICT COURT

### OF SUMMIT COUNTY, STATE OF UTAH

---

| | |
|---|---|
| **LINDE NEMCICK and WILLIAM COTTE,  Individuals,** | **AMENDED COMPLAINT** |
| Plaintiffs, | **RULE 26(c)(3) Tier 3** |
| v. | **JURY DEMANDED** |
| **SHERATON OPERATING CORPORATION and DOES 1–5,** | Civil No. 200500325 |
| Defendants. | Judge Richard Mrazick |

Plaintiffs Linde Nemcick and William Cotte ("plaintiffs"), by and through their counsel of record, Bret M. Hanna, Wrona Law, for their causes of action against defendants, allege as follows:

### PARTIES

1.       Plaintiffs are individuals residing in Allentown, New Jersey.

2.       Defendant Sheraton Operating Corporation, on information and belief, has its principal place of business in Bethesda, Maryland, and on information and belief, is doing

business in the State of Utah as the operator of The St. Regis Deer Valley located in Park City, Utah.

3.      Defendant Does 1–5, upon information and belief, are corporations, limited liability companies, or dbas involved in the ownership and/or operation of The St. Regis Deer Valley located in Park City, Utah.

## JURISDICTION, VENUE AND TIER

4.      This Court has jurisdiction of this action pursuant to Utah Code Ann. §78A-5-102, in that the amount in controversy exceeds the sum of $20,000, exclusive of court costs.

5.      Venue is proper in this Court pursuant to Utah Code Ann. §78B-3-307, in that the cause of action arose in this district.

6.      This action for damages is brought pursuant to Tier 3, Rule 26(c)(3), Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

7.      At approximately 2:30 p.m. on February 24, 2019, plaintiffs were walking on a paved, snow-covered walkway adjacent to an outdoor patio area on the property of The St. Regis Deer Valley.

8.      As plaintiff Linde Nemcick approached a "pedestal floor-style" sign stand offering a Moet & Chandon Champagne photo opportunity, she unknowingly stepped on the slick, smooth floor plate of the stand and fell, sustaining serious injuries.

2

9.      The polished floor plate that plaintiff Linde Nemcick stepped on was buried in wet, melting snow and was not visible to anyone walking in the area.

10.     As a direct and proximate result of her fall, plaintiff Linde Nemcick sustained a fractured left tibia (three places), two fractured left-foot metatarsals, nerve damage in the form of the development of a Morton Neuroma in her left foot, two meniscus tears in her left knee, a cracked wisdom tooth, a chipped front tooth, and she continues to have a very weak and painful left ankle.

11.     Plaintiffs had to stay in Utah for nine days following plaintiff Linde Nemcick's fall because it took that long for her to stabilize to the point she could travel home.

12.     Plaintiffs have incurred significant medical bills and related bills as a result of the injuries plaintiff Linde Nemcick sustained in her fall at defendant's property.

13.     Plaintiff Linde Nemcick also incurred wage losses because of her lack of mobility.

## FIRST CAUSE OF ACTION

### (Negligence – All Defendants)

14.     Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

15.     Defendants owed duties to plaintiff Linde Nemcick and others to properly maintain its walkways and displays in such a way that they did not create a hazard to business invitees.

16.     Defendants breached their duties owed to plaintiffs by, *inter alia*, failing to maintain walkways and displays in a non-hazardous condition and for failing to properly warn approaching pedestrians of fall hazards, and failing to promptly take action to remediate said hazards.

17.     As a direct and proximate result of the negligent breach of its duties owed to plaintiff Linde Nemcick, defendants caused plaintiff Linde Nemcick to suffer serious injuries and losses as described above.

18.     Plaintiffs' damages include, but are not limited to, special damages for past and future medical care relating to the serious injuries plaintiff and wage losses sustained by plaintiff Linde Nemcick, as well general damages arising from those injuries.

## SECOND CAUSE OF ACTION

### (Loss of Consortium – All Defendants)

19.     Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

20.     At all times mentioned herein, plaintiff William Cotte was the lawful spouse of plaintiff Linde Nemcick.

21.     As a direct result of the negligence and other conduct of defendants and the resulting injuries to plaintiff Linde Nemcick, plaintiff William Cotte has been deprived of the services of his wife by reason of her inability to carry out her usual duties and functions as a dutiful and loving spouse.

22.     Plaintiffs have suffered a loss of consortium within the meaning of Utah Code Ann. § 30-2-11 as a result of the injuries and losses alleged here, and are entitled to recovery of damages for loss of consortium as a proximate result of the negligence of defendants as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs hereby pray for relief from defendants pursuant to Tier 3 as follows:

1.      For general damages in an amount to be determined at trial;

2.      For special damages in an amount to be determined at trial;

3.      For interest on special damages as provided by law;

4.      For all costs incurred herein; and

5.      For such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby makes a demand for a trial by jury on all issues triable as a matter of right by a jury

DATED this 31st day of August, 2020.

WRONA LAW


/s/ Bret M. Hanna
Bret M. Hanna
*Attorneys for Plaintiffs*

Plaintiffs' address:

c/o Bret M. Hanna
Wrona Law
1745 Sidewinder Drive
Park City, Utah 84060

# EXHIBIT C

**WRONA LAW**
Bret M. Hanna (#6885)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
hanna@wgdlawfirm.com
*Attorneys for Plaintiffs*

---

## IN THE THIRD JUDICIAL DISTRICT COURT
## OF SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| **LINDE NEMCICK and WILLIAM COTTE, Individuals,** | **ACCEPTANCE OF SERVICE** |
| Plaintiffs, | Civil No. 200500325 |
| v. | Judge Richard Mrazik |
| **SHERATON OPERATING CORPORATION and DOES 1–5,** | |
| Defendants. | |

I, Zachary C. Myers, hereby acknowledge receipt of this Acceptance of Service and the Amended Complaint dated August 31, 2020.

Defendant Sheraton Operating Corporation hereby waives any applicable requirements for or defects in the service of the Amended Complaint and submits herself to the jurisdiction of the Summit County Court in and for Summit County, State of Utah, for purposes of the Amended Complaint.

DATED this 8th day of September, 2020.

Christensen & Jensen, P.C.

*s/Zachary C. Myers*
*(signed with permission of counsel)*
Nathan D. Alder
Zachary C. Myers

# EXHIBIT D

Sarah Elizabeth Spencer, #11141
   Sarah.Spencer@chrisjen.com
Zachary C. Myers, #15302
   Zachary.Myers@chrisjen.cm
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone:  801-323-5000
*Attorneys for Defendant Sheraton Operating Corporation*

---

## THIRD JUDICIAL DISTRICT COURT IN AND FOR
## SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| LINDE NEMCICK and WILLIAM COTTE, Individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>SHERATON OPERATING CORPORATION and DOES 1-5,<br><br>        Defendants. | **ANSWER TO AMENDED COMPLAINT, NOTICE OF RELIANCE ON JURY DEMAND, AND NOTICE OF INTENT TO ALLOCATE FAULT TO NON-PARTIES**<br><br>Civil No. 200500325<br><br>Judge Richard Mrazik |

Defendant Sheraton Operating Corporation ("Defendant" or "Sheraton"), by and through

undersigned counsel, submits this Answer to Plaintiffs' Amended Complaint, Notice of Reliance

on Jury Demand, and Notice of Intent to Allocate Fault to Non-Parties, stating as follows:

### PARTIES

1.        Plaintiffs are individuals residing in Allentown, New Jersey.

**ANSWER:**        Defendant is without knowledge or information sufficient to form a belief

about the truth of the allegations in Paragraph 1 and therefore denies the same.

2.      Defendant Sheraton Operating Corporation, on information and belief, has its principal place of business in Bethesda, Maryland, and on information and belief, is doing business in the State of Utah as The St. Regis Deer Valley located in Park City, Utah.

**ANSWER:**   Defendant admits that Sheraton Operating Corporation operates The St. Regis Deer Valley located in Park City, Utah and that it is headquartered in Bethesda, Maryland, and denies the remaining allegations of Paragraph 2.

3.      Defendant Does 1-5, upon information and belief, are corporations, limited liability companies, or dbas involved in the ownership and/or operation of The St. Regis Deer Valley located in Park City, Utah.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and therefore denies the same.

## JURISDICTION, VENUE AND TIER

4.      This Court has jurisdiction of this action pursuant to Utah Code Ann. §78A-5102, in that the amount in controversy exceeds the sum of $20,000, exclusive of court costs.

**ANSWER:**   Defendant admits the Court has jurisdiction and that Plaintiffs claim entitlement to more than the sum of $20,000.00, exclusive of costs.

5.      Venue is proper in this Court pursuant to Utah Code Ann §788-3-307, in that the cause of action arose in this district.

**ANSWER:**   Defendant admits Paragraph 5.

6.      This action for damages is brought pursuant to Tier 3, Rule 2(c)(3), Utah Rules of Civil Procedure.

**ANSWER:**   Defendant admits that Plaintiffs have designated this as a Tier 3 case for purposes of calculating discovery, but denies that Plaintiffs are entitled to any damages.

<u>**GENERAL ALLEGATIONS**</u>

7.   At approximately 2:30 p.m. on February 24, 2019, plaintiffs were walking on a paved, snow-covered walkway adjacent to an outdoor patio area on the property of The St. Regis Deer Valley.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies the same.

8.   As plaintiff Linde Nemcick approached a "pedestal floor-style" sign stand offering a Moet & Chandon Champagne photo opportunity, she unknowingly stepped on the slick, smooth, floor plate of the stand and fell, sustaining serious injuries.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies the same.

9.   The polished floor plate that plaintiff Linde Nemcick stepped on was buried in wet, melting snow and was not visible to anyone walking in the area.

**ANSWER:**   Defendant denies Paragraph 9.

10.   As a direct and proximate result of her fall, plaintiff Linde Nemcick sustained a fractured left tibia (three places), two fractured left-foot metatarsals, nerve damage in the form of the development of a Morton Neuroma in her left foot, two meniscus tears in her left knee, a cracked wisdom tooth, a chipped front tooth, and she continues to have a very weak and painful left ankle.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and therefore denies the same.

11.    Plaintiffs had to stay in Utah for nine days following plaintiff Linde Nemcick's fall because it took that long for her to stabilize to the point she could travel home.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies the same.

12.    Plaintiffs have incurred significant medical bills and related bills as a result of the injuries plaintiff Linde Nemcick sustained in her fall at defendant's property.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies the same.

13.    Plaintiff Linde Nemcick also incurred wage losses because of her lack of mobility.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies the same.

## FIRST CAUSE OF ACTION
(Negligence – All Defendants)

14.    Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

**ANSWER:**    Defendant incorporates by reference as if fully stated herein each of its responses to the facts, statements, and allegations contained in Paragraphs 1 through 13 above.

15.    Defendants owed duties to plaintiff Linde Nemcick and others to properly maintain its walkways and displays in such a way that they did not create a hazard to business invitees.

**ANSWER:**   Paragraph 15 is a legal conclusion to which no response is required.  To the extent facts are alleged, Defendant denies the same.  Defendant admits only that it owes whatever legal duties recognized under applicable law.  Defendant affirmatively denies that it created the condition which Plaintiffs claim caused their alleged injuries.

16.   Defendants breached their duties owed to plaintiffs by, *inter alia,* failing to maintain walkways and displays in a non-hazardous condition and for failing to properly warn approaching pedestrians of fall hazards, and failing to promptly take action to remediate said hazards.

**ANSWER:**   Defendant denies Paragraph 16.  Defendant affirmatively denies that it breached any legal duties owed to Plaintiffs.

17.   As a direct and proximate result of the negligent breach of its duties owed to plaintiff Linde Nemcick, defendants caused plaintiff Linde Nemcick to suffer serious injuries and losses as described above.

**ANSWER:**   Defendant denies Paragraph 17.  Defendant affirmatively denies that it was negligent.

18.   Plaintiffs' damages include, but are not limited to, special damages for past and future medical care relating to the serious injuries plaintiff and wage losses sustained by plaintiff Linde Nemcick, as well general damages arising from those injuries.

**ANSWER:**   Defendant denies Paragraph 18.

<u>**SECOND CAUSE OF ACTION**</u>
(Loss of Consortium – All Defendants)

19.   Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

**ANSWER:**   Defendant incorporates by reference as if fully stated herein each of its responses to the facts, statements, and allegations contained in Paragraphs 1 through 18 above.

20.   At all times mentioned herein, plaintiff William Cotte was the lawful spouse of plaintiff Linde Nemcick.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and therefore denies the same.

21.   As a direct result of the negligence and other conduct of defendants and the resulting injuries to plaintiff Linde Nemcick, plaintiff William Cotte has been deprived of the services of his wife by reason of her inability to carry out her usual duties and functions as a dutiful and loving spouse.

**ANSWER:**   Defendant denies Paragraph 21.  Defendant affirmatively denies that it was negligent.

22.   Plaintiffs have suffered a loss of consortium within the meaning of Utah Code Ann. § 30-2-11 as a result of the injuries and losses alleged here, and are entitled to recovery of damages for loss of consortium as a proximate result of the negligence of defendants as set forth above.

**ANSWER:**   Defendant denies Paragraph 22.

## <u>RESPONSE TO PLAINTIFFS' PRAYER FOR RELEIF</u>

Defendant denies that Plaintiffs are factually, legally, or equitably entitled to any of the relief requested in their prayer for relief, and requests that such relief be denied.

## DENIAL OF ALL FACTS NOT EXPRESSLY ADMITTED

Defendant denies every allegation of Plaintiffs' Amended Complaint not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

All or part of Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The acts or omissions complained of may have been proximately caused by conditions over which, or by the fault, negligence or intentional acts of presently unknown third parties over whom Defendant had no control or right of control. The fault of Plaintiffs and unknown parties at fault should be compared based on the percentage of fault attributed to them under the Utah Liability Reform Act, UTAH CODE ANN. § 78B-5-820, et seq.

### THIRD DEFENSE

In addition to or in the alternative, Plaintiffs' Amended Complaint should be dismissed because the alleged condition was outside the scope of Defendant's duty to invitees, because the condition was open and obvious.

### FOURTH DEFENSE

Defendant provides notice to all parties pursuant to Utah Code § 78B-5-821 that it may seek allocation of fault to all parties who have been named, including John Doe defendants, or in the future are named as parties to this lawsuit and to any other unnamed third parties who may

have been at fault for Plaintiffs' damages.   The basis for any allocation of fault is on the allegations in the Amended Complaint.

### FIFTH DEFENSE

Pursuant to Utah Rule of Civil Procedure 9(l) and Utah Code § 78B-5-821, Defendant provides notice that it may seek to allocate fault to the following unnamed third parties.

1. Moët Hennessy USA, Inc. ("Moet")
   c/o Christopher J. O'Rourke
   VP & General Counsel, Moët Hennessy USA, Inc.
   +1-914-450-7826

   The basis for the allocation is as follows:
   On information and belief, Moët Hennessy USA, Inc. ("Moet") was responsible for creating the alleged condition that Plaintiff claims caused her accident. Moët owned and installed the sign that Plaintiff Linde Nemcick alleges she slipped on.  Moët owed a duty to take reasonable care when installing the signs. Moët may have breached this duty, resulting in Ms. Nemcick's alleged injuries. If so, fault should be allocated to Moët.

2. Unknown John Does who installed the Moet signs
   Contact Information Unknown

   The basis for the allocation is as follows:
   Certain unknown individuals (Does) installed the sign that Plaintiff Nemcick alleges she slipped on and which she claims was a dangerous condition. Does owed a duty to take reasonable care when installing the sign. Does may have breached this duty, resulting in Ms. Nemcick's alleged injuries. If so, fault should be allocated to Does.

### SIXTH DEFENSE

Plaintiffs' recovery from Defendant, if any, is limited to those damages that are both reasonable and necessary, and also limited to those that are proximately caused by Defendant.

### SEVENTH DEFENSE

The matters complained of in Plaintiffs' Amended Complaint were proximately caused by parties and/or other individuals or corporations not a party to this action over whom

Defendants have no right of supervision or control, including parties/entities yet to be discovered, and co-defendants.

## EIGHTH DEFENSE

The incident described in the Amended Complaint was the result of independent, intervening, or superseding causes.

## NINTH DEFENSE

Plaintiffs' claims are barred by one or more of the following: consent, assumption of the risk, release, and/or waiver.

## TENTH DEFENSE

Plaintiffs' claims against Defendant should be dismissed, because Defendant owed no duty to Plaintiffs.  Upon information and belief, Plaintiffs were not patrons of The St. Regis Deer Valley.  Defendant does did not own the property where Plaintiff Nemcick claims to have been injured.  Defendant did not create the condition that Plaintiffs allege caused their claimed injuries. Defendant did not direct or control the work of any person or entity involved in creating the alleged hazard.

## ELEVENTH DEFENSE

Plaintiffs are barred from recovery, or any recovery should be reduced, to the extent Plaintiffs failed to reasonably mitigate their damages.

## TWELFTH DEFENSE

Defendant had no duty to remedy or warn invitees regarding the alleged condition on land, because it did not involve an unreasonable risk of harm.

## THIRTEENTH DEFENSE

Plaintiffs' claims should be dismissed because the alleged condition was not known at the time of Plaintiffs' alleged injury, and would not have been discovered by reasonable inspection.

## FOURTEENTH DEFENSE

Plaintiffs' claims should be dismissed because Plaintiff Nemcick assumed the risk of participating in the activity that allegedly injured her. Skiing and walking on snow in ski boots inherently puts a person at risk of slipping and falling. Plaintiff Nemcick's alleged injury was within the scope of risks inherent to the activity.

## FIFTEENTH DEFENSE

Plaintiffs' claims should be dismissed if evidence adduced during discovery shows that the allegedly dangerous condition was open and obvious.

## RESERVATION TO AMEND

Defendant reserves the right to amend this answer to include additional affirmative defenses.

## JURY DEMAND

Defendant demands a jury and relies on Plaintiffs' payment of the statutory jury demand fee.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiffs' Amended Complaint, Defendant prays that the same be dismissed with prejudice and that Defendant recover its costs incurred herein, and such other and further relief as the Court deems just and equitable.

10

DATED this 29th day of September, 2020.

CHRISTENSEN & JENSEN, P.C.

/s/ Zachary C. Myers
Sarah E. Spencer
Zachary C. Myers
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2020, a true and correct copy of the foregoing **ANSWER TO AMENDED COMPLAINT, NOTICE OF RELIANCE ON JURY DEMAND, AND NOTICE OF INTENT TO ALLOCATE FAULT TO NON-PARTIES** was served via the court's electronic filing system on the following:

> Bret M. Hanna
> WRONA LAW
> 1745 Sidewinder Drive
> Park City, Utah 84060
> hanna@wgdlawfirm.com

*/s/ Bengta M. Hoffman*

# EXHIBIT E

**WRONA LAW**
Bret M. Hanna (#6885)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
hanna@wdlawfirm.com
*Attorneys for Plaintiffs*

**IN THE THIRD JUDICIAL DISTRICT COURT**

**OF SUMMIT COUNTY, STATE OF UTAH**

| | |
|---|---|
| **LINDE NEMCICK and WILLIAM COTTE, Individuals,**<br><br>              Plaintiffs,<br>v.<br><br>**SHERATON OPERATING CORPORATION, MOËT HENNESSY USA, INC., and DOES 1–5,**<br><br>              Defendants. | **STIPULATION TO FILING OF SECOND AMENDED COMPLAINT**<br><br>Civil No. 200500325<br><br>Judge Richard Mrazik |

The Parties, by and through their counsel of record and pursuant to Rule 15(a)(2) of the Utah Rules of Civil Procedure, hereby stipulate to the filing by Plaintiff of the Second Amended Complaint that is hereto attached as **Exhibit A**.  The date of filing of that Second Amended Complaint shall be the date of the filing of this Stipulation.

DATED this 6th day of October, 2020.

**WRONA LAW**

/s/ Bret M. Hanna
Bret M. Hanna
*Attorneys for Plaintiffs*

**APPROVED AS TO FORM:**

/s/ *Zachary C. Myers*
(Electronically signed with permission)
Zachary C. Myers
*Attorney for Defendants*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of October, 2020, I caused the foregoing document to

be delivered via email, upon the following:

Zachary C. Myers

Zachary.Myers@chrisjen.com

Sarah Elizabeth Spencer

Sarah.Spencer@chrisjen.com

**CHRISTENSEN & JENSEN, P.C.**


_/s/ Tarah Patton_

3

# Exhibit A

**WRONA LAW**
Bret M. Hanna (#6885)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
hanna@wdlawfirm.com
*Attorneys for Plaintiffs*

---

## IN THE THIRD JUDICIAL DISTRICT COURT

## OF SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| **LINDE NEMCICK and WILLIAM COTTE, Individuals,** | **SECOND AMENDED COMPLAINT** |
| Plaintiffs, | **RULE 26(c)(3) Tier 3** |
| v. | **JURY DEMANDED** |
| **SHERATON OPERATING CORPORATION, MOËT HENNESSY USA, INC., and DOES 1–5,** | Civil No. 200500325 |
| Defendants. | Judge Richard Mrazik |

Plaintiffs Linde Nemcick and William Cotte ("plaintiffs"), by and through their counsel of record, Bret M. Hanna, Wrona Law, for their causes of action against defendants, allege as follows:

### PARTIES

1.      Plaintiffs are individuals residing in Allentown, New Jersey.

2.      Defendant Sheraton Operating Corporation, on information and belief, has its principal place of business in Bethesda, Maryland, and on information and belief, is doing

business in the State of Utah as the operator of The St. Regis Deer Valley located in Park City, Utah.

3.      Defendant Moët Hennessy USA, Inc., on information and belief has its principal place of business in Philadelphia, Pennsylvania, and on information and belief, is doing business in the State of Utah as Moët Hennessy, USA, Inc.

4.      Defendant Does 1–5, upon information and belief, are corporations, limited liability companies, or dbas involved in the ownership and/or operation of The St. Regis Deer Valley located in Park City, Utah.

## JURISDICTION, VENUE AND TIER

5.      This Court has jurisdiction of this action pursuant to Utah Code Ann. §78A-5-102, in that the amount in controversy exceeds the sum of $20,000, exclusive of court costs.

6.      Venue is proper in this Court pursuant to Utah Code Ann. §78B-3-307, in that the cause of action arose in this district.

7.      This action for damages is brought pursuant to Tier 3, Rule 26(c)(3), Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

8.      At approximately 2:30 p.m. on February 24, 2019, plaintiffs were walking on a paved, snow-covered walkway adjacent to an outdoor patio area on the property of The St. Regis Deer Valley.

9.      As plaintiff Linde Nemcick approached a "pedestal floor-style" sign stand offering a Moët & Chandon Champagne photo opportunity, she unknowingly stepped on the slick, smooth floor plate of the stand and fell, sustaining serious injuries.

10.      The polished floor plate that plaintiff Linde Nemcick stepped on was buried in wet, melting snow and was not visible to anyone walking in the area.

11.      As a direct and proximate result of her fall, plaintiff Linde Nemcick sustained a fractured left tibia (three places), two fractured left-foot metatarsals, nerve damage in the form of the development of a Morton Neuroma in her left foot, two meniscus tears in her left knee, a cracked wisdom tooth, a chipped front tooth, and she continues to have a very weak and painful left ankle.

12.      Plaintiffs had to stay in Utah for nine days following plaintiff Linde Nemcick's fall because it took that long for her to stabilize to the point she could travel home.

13.      Plaintiffs have incurred significant medical bills and related bills as a result of the injuries plaintiff Linde Nemcick sustained in her fall at defendant's property.

14.      Plaintiff Linde Nemcick also incurred wage losses because of her lack of mobility.

## FIRST CAUSE OF ACTION

### (Negligence – All Defendants)

15.      Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

3

16.     Defendants owed duties to plaintiff Linde Nemcick and others to properly install and maintain its walkways and displays in such a way that they did not create a hazard to business invitees.

17.     Defendants breached their duties owed to plaintiffs by, *inter alia*, failing to install and maintain walkways and displays in a non-hazardous condition and for failing to properly warn approaching pedestrians of fall hazards, and failing to promptly take action to remediate said hazards.

18.     As a direct and proximate result of the negligent breach of its duties owed to plaintiff Linde Nemcick, defendants caused plaintiff Linde Nemcick to suffer serious injuries and losses as described above.

19.     Plaintiffs' damages include, but are not limited to, special damages for past and future medical care relating to the serious injuries plaintiff and wage losses sustained by plaintiff Linde Nemcick, as well general damages arising from those injuries.

## SECOND CAUSE OF ACTION

### (Loss of Consortium – All Defendants)

20.     Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

21.     At all times mentioned herein, plaintiff William Cotte was the lawful spouse of plaintiff Linde Nemcick.

22.     As a direct result of the negligence and other conduct of defendants and the resulting injuries to plaintiff Linde Nemcick, plaintiff William Cotte has been deprived of the

4

services of his wife by reason of her inability to carry out her usual duties and functions as a dutiful and loving spouse.

23.     Plaintiffs have suffered a loss of consortium within the meaning of Utah Code Ann. § 30-2-11 as a result of the injuries and losses alleged here, and are entitled to recovery of damages for loss of consortium as a proximate result of the negligence of defendants as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs hereby pray for relief from defendants pursuant to Tier 3 as follows:

1.     For general damages in an amount to be determined at trial;

2.     For special damages in an amount to be determined at trial;

3.     For interest on special damages as provided by law;

4.     For all costs incurred herein; and

5.     For such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby makes a demand for a trial by jury on all issues triable as a matter of right by a jury.

5

DATED this 6th day of October, 2020.

WRONA LAW

/s/ Bret M. Hanna
Bret M. Hanna
*Attorneys for Plaintiffs*

Plaintiffs' address:

c/o Bret M. Hanna
Wrona Law
1745 Sidewinder Drive
Park City, Utah 84060

# EXHIBIT F

## <u>RETURN OF SERVICE</u>

### IN THE THIRD JUDICIAL DISTRICT COURT OF THE STATE OF UTAH
### IN AND FOR THE COUNTY OF SUMMIT

Case Number: 200500325

Plaintiff:
**LINDE NEMCICK et al**

vs.

Service Documents:
30 DAY SUMMONS ...COMPLAINT

Defendant:
**SHERATON OPERATING CORPORATION , et al ..**

For:
WRONA / DUBOIS PLLC
1745 SIDEWINDER DRIVE
PARK CITY, UT 84060

Received by INTEGRATED INVESTIGATORS on the 6th day of October, 2020 at 3:35 pm to be served on **MOET HENNESSY USA INC c/o CORPORATION SERVIVE COMPANY, 80 STATE STREET, ALBANY, ALBANY County, NY 12207-2543**.

I, Julia Blair, do hereby affirm that on the **8th day of October, 2020** at **2:25 pm, I:**

served an **AUTHORIZED** entity by delivering a true copy of the **30 DAY SUMMONS ...COMPLAINT** with the date and hour of service endorsed thereon by me, to: **MINARD CARKNER** as **AUTHORIZED TO ACCEPT** at the address of: **80 STATE STREET, ALBANY, ALBANY County, NY 12207-2543**, who stated they are authorized to accept service for **MOET HENNESSY USA INC**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
10/8/2020 2:25 pm SERVED MINARD CARKNER , LITIGATION MANAGEMENT SPECIALIST AND AUTHORIZED TO ACCEPT FOR " CORPORATION SERVICE COMPANY " AT THE ADDRESS OF 80 STATE STREET , ALBANY NY ..

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

**Julia Blair**
private investigator #G2322651

**INTEGRATED INVESTIGATORS
& CONSTABLE SERVICES
P O BOX 902038
SANDY, UT 84090
(801) 523-5054**

Our Job Serial Number: JSS-2020001028
Ref: TARAH

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V7.1i

**WRONA LAW**
Bret M. Hanna (#6885)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
hanna@wdlawfirm.com
*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT

## OF SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| **LINDE NEMCICK and WILLIAM COTTE, Individuals,**<br><br>Plaintiffs,<br><br>v.<br><br>**SHERATON OPERATING CORPORATION, MOËT HENNESSY USA, INC., and DOES 1–5,**<br><br>Defendants. | **30 DAY SUMMONS**<br><br>Civil No. 200500325<br><br>Judge Richard Mrazik |

TO: Moët Hennessy USA, Inc.
    Corporation Service Company
    80 State Street
    Albany, New York, 12207-2543

    You are hereby summoned and required to file an Answer or other responsive pleading in writing to the attached Complaint with the clerk of the above-entitled court at 6300 Justice Center Road, Suite A, Park City, Utah 84098 and serve a copy of said Answer or other responsive pleading

upon Plaintiff's attorneys located at 1745 Sidewinder Drive, Park City, Utah, 84060, within thirty (30) days after service of this Summons upon you.

If you fail to do so, judgment by default will be taken against you for the relief demanded in said Complaint which has been filed with the Clerk of said Court and a copy of which is hereto annexed and herewith served upon you.

DATED this 6th day of October, 2020.

WRONA LAW

/s/ Bret M. Hanna
Bret M. Hanna
*Attorneys for Plaintiffs*

2

# EXHIBIT G

Sarah Elizabeth Spencer, #11141
   Sarah.Spencer@chrisjen.com
Zachary C. Myers, #15302
   Zachary.Myers@chrisjen.com
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: 801-323-5000
*Attorneys for Defendant Sheraton Operating Corporation*

---

**THIRD JUDICIAL DISTRICT COURT IN AND FOR
SUMMIT COUNTY, STATE OF UTAH**

| | |
|---|---|
| LINDA NEMCICK and WILLIAM COTTE, Individuals, <br><br>      Plaintiffs, <br><br> v. <br><br> SHERATON OPERATING CORPORATION, MOËT HENNESSY USA, INC., and DOES 1-5, <br><br>      Defendants. | **ANSWER TO SECOND AMENDED COMPLAINT, NOTICE OF RELIANCE ON JURY DEMAND, AND NOTICE OF INTENT TO ALLOCATE FAULT TO NON-PARTIES** <br><br> Civil No. 200500325 <br><br> Judge Richard Mrazik |

Defendant Sheraton Operating Corporation ("Defendant" or "Sheraton"), by and through undersigned counsel, submits this Answer to Plaintiffs' Second Amended Complaint, Notice of Reliance on Jury Demand, and Notice of Intent to Allocate Fault to Non-Parties, stating as follows:

**PARTIES**

1.     Plaintiffs are individuals residing in Allentown, New Jersey.

**ANSWER:**    Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 and therefore denies the same.

2.      Defendant Sheraton Operating Corporation, on information and belief, has its principal place of business in Bethesda, Maryland, and on information and belief, is doing business in the State of Utah as The St. Regis Deer Valley located in Park City, Utah.

**ANSWER:**   Defendant admits that Sheraton Operating Corporation is headquartered in Bethesda, Maryland and that it operates The St. Regis Deer Valley located in Park City, Utah, and denies the remaining allegations of Paragraph 2.

3.      Defendant Moët Hennessy USA, Inc., on information and belief has its principal place of business in Philadelphia, Pennsylvania, and on information and belief, is doing business in the State of Utah as Moët Hennessy, USA, Inc.

**ANSWER:**   Admit.

4.      Defendant Does 1-5, upon information and belief, are corporations, limited liability companies, or dbas involved in the ownership and/or operation of The St. Regis Deer Valley located in Park City, Utah.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4 and therefore denies the same.

**JURISDICTION, VENUE AND TIER**

5.      This Court has jurisdiction of this action pursuant to Utah Code Ann. §78A-5102, in that the amount in controversy exceeds the sum of $20,000, exclusive of court costs.

**ANSWER:**   Defendant admits the Court has jurisdiction and that Plaintiffs claim entitlement to more than the sum of $20,000.00, exclusive of costs.

6.      Venue is proper in this Court pursuant to Utah Code Ann §788-3-307, in that the cause of action arose in this district.

**ANSWER:** Defendant admits Paragraph 6.

7. This action for damages is brought pursuant to Tier 3, Rule 2(c)(3), Utah Rules of Civil Procedure.

**ANSWER:** Defendant admits that Plaintiffs have designated this as a Tier 3 case for purposes of calculating discovery, but denies that Plaintiffs are entitled to any damages.

## GENERAL ALLEGATIONS

8. At approximately 2:30 p.m. on February 24, 2019, plaintiffs were walking on a paved, snow-covered walkway adjacent to an outdoor patio area on the property of The St. Regis Deer Valley.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and therefore denies the same.

9. As plaintiff Linde Nemcick approached a "pedestal floor-style" sign stand offering a Moet & Chandon Champagne photo opportunity, she unknowingly stepped on the slick, smooth, floor plate of the stand and fell, sustaining serious injuries.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies the same.

10. The polished floor plate that plaintiff Linde Nemcick stepped on was buried in wet, melting snow and was not visible to anyone walking in the area.

**ANSWER:** Defendant denies Paragraph 10.

11. As a direct and proximate result of her fall, plaintiff Linde Nemcick sustained a fractured left tibia (three places), two fractured left-foot metatarsals, nerve damage in the form of the development of a Morton Neuroma in her left foot, two meniscus tears in her left knee, a

cracked wisdom tooth, a chipped front tooth, and she continues to have a very weak and painful left ankle.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies the same.

12.   Plaintiffs had to stay in Utah for nine days following plaintiff Linde Nemcick's fall because it took that long for her to stabilize to the point she could travel home.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies the same.

13.   Plaintiffs have incurred significant medical bills and related bills as a result of the injuries plaintiff Linde Nemcick sustained in her fall at defendant's property.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and therefore denies the same.

14.   Plaintiff Linde Nemcick also incurred wage losses because of her lack of mobility.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and therefore denies the same.

### FIRST CAUSE OF ACTION
(Negligence – All Defendants)

15.   Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

**ANSWER:**   Defendant incorporates by reference as if fully stated herein each of its responses to the facts, statements, and allegations contained in Paragraphs 1 through 14 above.

16.     Defendants owed duties to plaintiff Linde Nemcick and others to properly maintain its walkways and displays in such a way that they did not create a hazard to business invitees.

**ANSWER:**     Paragraph 16 is a legal conclusion to which no response is required. To the extent facts are alleged, Defendant denies the same. Defendant admits only that it owes whatever legal duties are recognized under applicable law. Defendant affirmatively denies that it created the condition which Plaintiffs claim caused their alleged injuries.

17.     Defendants breached their duties owed to plaintiffs by, *inter alia,* failing to maintain walkways and displays in a non-hazardous condition and for failing to properly warn approaching pedestrians of fall hazards, and failing to promptly take action to remediate said hazards.

**ANSWER:**     Defendant denies Paragraph 17. Defendant affirmatively denies that it breached any legal duties owed to Plaintiffs.

18.     As a direct and proximate result of the negligent breach of its duties owed to plaintiff Linde Nemcick, defendants caused plaintiff Linde Nemcick to suffer serious injuries and losses as described above.

**ANSWER:**     Defendant denies Paragraph 18. Defendant affirmatively denies that it was negligent.

19.     Plaintiffs' damages include, but are not limited to, special damages for past and future medical care relating to the serious injuries plaintiff and wage losses sustained by plaintiff Linde Nemcick, as well general damages arising from those injuries.

**ANSWER:**     Defendant denies Paragraph 19.

## SECOND CAUSE OF ACTION
### (Loss of Consortium – All Defendants)

20.     Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

**ANSWER:**   Defendant incorporates by reference as if fully stated herein each of its responses to the facts, statements, and allegations contained in Paragraphs 1 through 19 above.

21.     At all times mentioned herein, plaintiff William Cotte was the lawful spouse of plaintiff Linde Nemcick.

**ANSWER:**   Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and therefore denies the same.

22.     As a direct result of the negligence and other conduct of defendants and the resulting injuries to plaintiff Linde Nemcick, plaintiff William Cotte has been deprived of the services of his wife by reason of her inability to carry out her usual duties and functions as a dutiful and loving spouse.

**ANSWER:**   Defendant denies Paragraph 22. Defendant affirmatively denies that it was negligent.

23.     Plaintiffs have suffered a loss of consortium within the meaning of Utah Code Ann. § 30-2-11 as a result of the injuries and losses alleged here, and are entitled to recovery of damages for loss of consortium as a proximate result of the negligence of defendants as set forth above.

**ANSWER:**   Defendant denies Paragraph 23.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELEIF

Defendant denies that Plaintiffs are factually, legally, or equitably entitled to any of the relief requested in their prayer for relief, and requests that such relief be denied.

6

## DENIAL OF ALL FACTS NOT EXPRESSLY ADMITTED

Defendant denies every allegation of Plaintiffs' Amended Complaint not expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

All or part of Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The acts or omissions complained of may have been proximately caused by conditions over which, or by the fault, negligence or intentional acts of presently unknown third parties over whom Defendant had no control or right of control. The fault of Plaintiffs and unknown parties at fault should be compared based on the percentage of fault attributed to them under the Utah Liability Reform Act, UTAH CODE ANN. § 78B-5-820, *et seq.*

### THIRD DEFENSE

In addition to or in the alternative, Plaintiffs' Amended Complaint should be dismissed because the alleged condition was outside the scope of Defendant's duty to invitees, because the condition was open and obvious.

### FOURTH DEFENSE

Defendant provides notice to all parties pursuant to Utah Code § 78B-5-821 that it may seek allocation of fault to all parties who have been named, including John Doe defendants, or in the future are named as parties to this lawsuit and to any other unnamed third parties who may

have been at fault for Plaintiffs' damages. The basis for any allocation of fault is on the allegations in the Amended Complaint.

## FIFTH DEFENSE

Pursuant to Utah Rule of Civil Procedure 9(l) and Utah Code § 78B-5-821, Defendant provides notice that it may seek to allocate fault to the following unnamed third parties.

1. Unknown John Does who installed the Moet signs
   Contact Information Unknown

   The basis for the allocation is as follows:
   Certain unknown individuals (Does) installed the sign that Plaintiff Nemcick alleges she slipped on and which she claims was a dangerous condition. Does owed a duty to take reasonable care when installing the sign. Does may have breached this duty, resulting in Ms. Nemcick's alleged injuries. If so, fault should be allocated to Does.

## SIXTH DEFENSE

Plaintiffs' recovery from Defendant, if any, is limited to those damages that are both reasonable and necessary, and also limited to those that are proximately caused by Defendant.

## SEVENTH DEFENSE

The matters complained of in Plaintiffs' Amended Complaint were proximately caused by parties and/or other individuals or corporations not a party to this action over whom Defendants have no right of supervision or control, including parties/entities yet to be discovered, and co-defendants.

## EIGHTH DEFENSE

The incident described in the Amended Complaint was the result of independent, intervening, or superseding causes.

## NINTH DEFENSE

Plaintiffs' claims are barred by one or more of the following: consent, assumption of the risk, release, and/or waiver.

## TENTH DEFENSE

Plaintiffs' claims against Defendant should be dismissed, because Defendant owed no duty to Plaintiffs. Upon information and belief, Plaintiffs were not patrons of The St. Regis Deer Valley. Defendant does not own the property where Plaintiff Nemcick claims to have been injured. Defendant did not create the condition that Plaintiffs allege caused their claimed injuries. Defendant did not direct or control the work of any person or entity involved in creating the alleged hazard.

## ELEVENTH DEFENSE

Plaintiffs are barred from recovery, or any recovery should be reduced, to the extent Plaintiffs failed to reasonably mitigate their damages.

## TWELFTH DEFENSE

Defendant had no duty to remedy or warn invitees regarding the alleged condition on land, because it did not involve an unreasonable risk of harm.

## THIRTEENTH DEFENSE

Plaintiffs' claims should be dismissed because the alleged condition was not known at the time of Plaintiffs' alleged injury, and would not have been discovered by reasonable inspection.

## FOURTEENTH DEFENSE

Plaintiffs' claims should be dismissed because Plaintiff Nemcick assumed the risk of participating in the activity that allegedly injured her. Skiing and walking on snow in ski boots

inherently puts a person at risk of slipping and falling. Plaintiff Nemcick's alleged injury was within the scope of risks inherent to the activity.

## FIFTEENTH DEFENSE

Plaintiffs' claims should be dismissed if evidence adduced during discovery shows that the allegedly dangerous condition was open and obvious.

## RESERVATION TO AMEND

Defendant reserves the right to amend this answer to include additional affirmative defenses.

## JURY DEMAND

Defendant demands a jury and relies on Plaintiffs' payment of the statutory jury demand fee.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, having fully answered Plaintiffs' Amended Complaint, Defendant prays that the same be dismissed with prejudice and that Defendant recover its costs incurred herein, and such other and further relief as the Court deems just and equitable.

DATED this 20th day of October, 2020.

CHRISTENSEN & JENSEN, P.C.

*/s/ Zachary C. Myers*
Sarah Elizabeth Spencer
Zachary C. Myers
*Attorneys for Defendant*

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2020, a true and correct copy of the

foregoing **ANSWER TO SECOND AMENDED COMPLAINT, NOTICE OF RELIANCE**

**ON JURY DEMAND, AND NOTICE OF INTENT TO ALLOCATE FAULT TO NON-**

**PARTIES** was served via the court's electronic filing system on the following:

> Bret M. Hanna
> WRONA LAW
> 1745 Sidewinder Drive
> Park City, Utah 84060
> hanna@wgdlawfirm.com

*/s/ Bengta M. Hoffman*