**WRONA LAW**
Bret M. Hanna (#6885)
1745 Sidewinder Drive
Park City, Utah 84060
Telephone: (435) 649-2525
Facsimile: (435) 649-5959
hanna@wgdlawfirm.com
*Attorneys for Plaintiffs*

## IN THE THIRD JUDICIAL DISTRICT COURT

## OF SUMMIT COUNTY, STATE OF UTAH

| | |
|---|---|
| **LINDE NEMCICK and WILLIAM COTTE**, Individuals,<br><br>        Plaintiffs,<br>v.<br><br>**MARRIOTT INTERNATIONAL, INC. and DOES 1–5,**<br><br>        Defendants. | **COMPLAINT**<br><br>**RULE 26(c)(3) Tier 3**<br><br>**JURY DEMANDED**<br><br>Civil No.<br><br>Judge |

Plaintiffs Linde Nemcick and William Cotte ("plaintiffs"), by and through their counsel of record, Bret M. Hanna, Wrona Law, for their causes of action against defendants, allege as follows:

### **PARTIES**

1.        Plaintiffs are individuals residing in Allentown, New Jersey.

2. Defendant Marriott International, Inc., on information and belief, has its principal place of business in Bethesda, Maryland, and on information and belief, is doing business in the State of Utah as The St. Regis Deer Valley located in Park City, Utah.

3. Defendant Does 1–5, upon information and belief, are corporations, limited liability companies, or dbas involved in the ownership and/or operation of The St. Regis Deer Valley located in Park City, Utah.

## JURISDICTION, VENUE AND TIER

4. This Court has jurisdiction of this action pursuant to Utah Code Ann. §78A-5-102, in that the amount in controversy exceeds the sum of $20,000, exclusive of court costs.

5. Venue is proper in this Court pursuant to Utah Code Ann. §78B-3-307, in that the cause of action arose in this district.

6. This action for damages is brought pursuant to Tier 3, Rule 26(c)(3), Utah Rules of Civil Procedure.

## GENERAL ALLEGATIONS

7. At approximately 2:30 p.m. on February 24, 2019, plaintiffs were walking on a paved, snow-covered walkway adjacent to an outdoor patio area on the property of The St. Regis Deer Valley.

8. As plaintiff Linde Nemcick approached a "pedestal floor-style" sign stand offering a Moet & Chandon Champagne photo opportunity, she unknowingly stepped on the slick, smooth floor plate of the stand and fell, sustaining serious injuries.

9. The polished floor plate that plaintiff Linde Nemcick stepped on was buried in wet, melting snow and was not visible to anyone walking in the area.

10. As a direct and proximate result of her fall, plaintiff Linde Nemcick sustained a fractured left tibia (three places), two fractured left-foot metatarsals, nerve damage in the form of the development of a Morton Neuroma in her left foot, two meniscus tears in her left knee, a cracked wisdom tooth, a chipped front tooth, and she continues to have a very weak and painful left ankle.

11. Plaintiffs had to stay in Utah for nine days following plaintiff Linde Nemcick's fall because it took that long for her to stabilize to the point she could travel home.

12. Plaintiffs have incurred significant medical bills and related bills as a result of the injuries plaintiff Linde Nemcick sustained in her fall at defendant's property.

13. Plaintiff Linde Nemcick also incurred wage losses because of her lack of mobility.

## FIRST CAUSE OF ACTION

### (Negligence – All Defendants)

14. Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

15. Defendants owed duties to plaintiff Linde Nemcick and others to properly maintain its walkways and displays in such a way that they did not create a hazard to business invitees.

16. Defendants breached their duties owed to plaintiffs by, *inter alia*, failing to maintain walkways and displays in a non-hazardous condition and for failing to properly warn approaching pedestrians of fall hazards, and failing to promptly take action to remediate said hazards.

17. As a direct and proximate result of the negligent breach of its duties owed to plaintiff Linde Nemcick, defendants caused plaintiff Linde Nemcick to suffer serious injuries and losses as described above.

18. Plaintiffs' damages include, but are not limited to, special damages for past and future medical care relating to the serious injuries plaintiff and wage losses sustained by plaintiff Linde Nemcick, as well general damages arising from those injuries.

## SECOND CAUSE OF ACTION

**(Loss of Consortium – All Defendants)**

19. Plaintiffs hereby incorporate the allegations previously set forth in this Complaint.

20. At all times mentioned herein, plaintiff William Cotte was the lawful spouse of plaintiff Linde Nemcick.

21. As a direct result of the negligence and other conduct of defendants and the resulting injuries to plaintiff Linde Nemcick, plaintiff William Cotte has been deprived of the services of his wife by reason of her inability to carry out her usual duties and functions as a dutiful and loving spouse.

22.     Plaintiffs have suffered a loss of consortium within the meaning of Utah Code Ann. § 30-2-11 as a result of the injuries and losses alleged here, and are entitled to recovery of damages for loss of consortium as a proximate result of the negligence of defendants as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs hereby pray for relief from defendants pursuant to Tier 3 as follows:

1. For general damages in an amount to be determined at trial;
2. For special damages in an amount to be determined at trial;
3. For interest on special damages as provided by law;
4. For all costs incurred herein; and
5. For such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby makes a demand for a trial by jury on all issues triable as a matter of right by a jury

DATED this 6th day of August, 2020.

WRONA LAW


/s/ Bret M. Hanna      _
Bret M. Hanna
*Attorneys for Plaintiffs*

Plaintiffs' address:

c/o Bret M. Hanna
Wrona Law
1745 Sidewinder Drive
Park City, Utah 84060